# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OREGONIANS FOR FLOODPLAIN PROTECTION, et al.<br><br>          Plaintiffs,<br><br>v.<br><br>THE U.S. DEPARTMENT OF COMMERCE, a department of the United States of America; GINA RAIMONDO, in her capacity as the Secretary of Commerce; JANET COIT, in her capacity as Assistant Administrator for National Marine Fisheries Service; THE U.S. DEPARTMENT OF HOMELAND SECURITY, a department of the United States of America; ALEJANDRO MAYORKAS, in his official capacity as Secretary of the Department of Homeland Security; THE FEDERAL EMERGENCY MANAGEMENT AGENCY; and DEANNE CRISWELL, in her official capacity as the Administrator of the Federal Emergency Management Agency,<br><br>          Defendants,<br><br>NORTHWEST ENVIRONMENTAL DEFENSE CENTER, CENTER FOR BIOLOGICAL DIVERSITY, WILLAMETTE RIVERKEEPER, and THE CONSERVATION ANGLER,<br><br>          Defendant-Intervenors. | Case No. 1:25-cv-39-JMC<br><br>**DEFENDANT INTERVENORS' ANSWER IN INTERVENTION** |

Defendant-Intervenors Northwest Environmental Defense Center, Center for Biological Diversity, The Conservation Angler, and Willamette Riverkeeper (collectively, "Conservation Groups"), through counsel, answer the Amended Complaint filed in this action on February 12,

2025, ECF No. 21.[1] The numbered paragraphs below correspond to the numbered paragraph in the Complaint. Conservation Groups deny each allegation in the Complaint that is not specifically admitted, answered, or otherwise responded to in this Answer.

1.      The allegations in paragraph 1 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

2.      Deny.

3.      Conservation Groups admit that the Federal Emergency Management Agency ("FEMA") sent a notice to National Flood Insurance Program ("NFIP") participating communities in response to Element 1 of the RPA, and that FEMA has begun implementing a set of interim measures. The second sentence is a conclusion of law, which requires no response. The Letter to Mary Faith Bell from Willie G Nunn, attached as Exhibit A, speaks for itself and is the best evidence of its contents.

4.      The first, second, and third sentences in paragraph 4 state conclusions of law, to which no response is required. Conservation Groups admit that FEMA has directed NFIP-participating communities in Oregon to select and implement one of the Pre-Implementation Compliance Measures ("PICMs"), but the first five words of sentence four represent a conclusion of law, to which no response is required. Sentence five is a conclusion of law to which no response is required.

5.      The allegations in paragraph 5 state conclusions of law, which require no response.

---

[1] The original complaint for this proceeding, which included only Oregonians for Floodplain Protection as Plaintiffs, was filed on January 8, 2025. *See* ECF 1.

6. The allegations in sentence one of Paragraph 6 constitute Plaintiffs' characterization of their lawsuit, to which no response is required. Conservation Groups deny the remaining allegations of sentence two and three in Paragraph 6.

7. The allegations in paragraph 7 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

8. The allegations in paragraph 8 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

9. The allegations in paragraph 9 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

10. The allegation in paragraph 10 is a conclusion of law, to which no response is required.

11. The allegations in paragraph 11 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 11 are also conclusions of law, which require no response.

12. The allegations in paragraph 12 state conclusions of law, which require no response.

13. Conservation Groups lack knowledge or information sufficient to form a belief regarding the first, second, and third sentence of paragraph 13. The allegations in the fourth sentence of paragraph 13 are conclusions of law, which require no response.

14. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in sentences one, two, and six of paragraph 14, and therefore deny. The allegations in sentences one, two, and six are also vague and conclusory and Conservation

Groups deny them on those grounds. Sentence three is vague, conclusory, and speculative and Conservation Groups deny this allegation on these grounds. Sentence four purports to characterize Exhibit A, which is the best evidence of its contents. Sentence five purports to characterize the Stafford Disaster Relief and Emergency Assistance Act and the National Flood Insurance Act of 1986 ("NFIA"), 42 U.S.C. § 4106(a), which speak for themselves and are the best evidence of their contents.

15.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 15, and therefore deny. The allegations in paragraph 15 are also vague, conclusory, and speculative, and Conservation Groups deny them on those grounds.

16.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in sentences one, two, and three of paragraph 16, and therefore deny. The allegations in paragraph 16 are also vague, conclusory, and speculative, and Conservation Groups deny them on those grounds. Sentence four of paragraph 16 states a conclusion of law, which requires no response.

17.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 17, and therefore deny.

18.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 18, and therefore deny.

19.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in sentences one and two, and therefore deny. The allegations in paragraph 19 are vague, conclusory, and speculative, and Conservation Groups deny them on these grounds. Paragraph 19 also includes conclusions of law to which no response is required.

20.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 20 and therefore deny.

21.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 21 and therefore deny. The allegations in paragraph 21 are also vague, conclusory, and speculative, and Conservation Groups deny them on these grounds.

22.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations of sentence one of paragraph 22 and therefore deny. Sentences two and four of paragraph 22 are vague, conclusory, and speculative, and Conservation Groups deny them on these grounds. Sentence three of paragraph 22 purports to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents.

23.      Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations of sentence one and two of paragraph 23 and deny them on these grounds. The allegations in paragraph 23 are vague, conclusory, and speculative, and Conservation Groups deny them on these grounds.

24.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations of sentences one and two of paragraph 24 and therefore deny. Sentences three, four, and five of paragraph 24 are vague, conclusory, and speculative, and Conservation Groups deny them on these grounds.

25.     The allegations of paragraph 25 are vague, conclusory, and speculative, and Conservation Groups deny them on these grounds.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Admit.

32.     Admit.

33.     Admit.

34.     Conservation Groups admit the allegations in the first sentence of paragraph 34. The remaining allegations in paragraph 34 purport to characterize the NFIA, 42 U.S.C. §§ 4001–4129, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

35.     The allegations in paragraph 35 purport to characterize the NFIA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

36.     The allegations in paragraph 36 purport to characterize the Flood Disaster Protection Act of 1973 and the Flood Insurance Reform Act of 1994, as amended, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

37.     The allegations in sentence one of paragraph 37 purport to characterize the NFIA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Conservation Groups deny the allegation made in sentence two of paragraph 28.

38.     The allegations in paragraph 38 purport to characterize the NFIA's implementing regulations, which speaks for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

39.     The allegations in paragraph 39 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

40.     The allegations in paragraph 40 purport to characterize the FEMA's pleading in related litigation. Defs.' Mem. in Opp'n to Pls.' Mot. for Summ. J. at 3-4, *Nw. Env't Def. Ctr. v. FEMA*, No. 3:23-cv-01335-SI (D. Or. Sept. 19, 2024), ECF No. 20, attached at Exhibit B, speaks for itself and is the best evidence of its contents.

41.     The allegations in the first sentence of paragraph 41 contain conclusions of law to which no response is required. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the second sentence of paragraph 41, and therefore deny.

42.     Conservation Groups admit sentence one of paragraph 42. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the second sentence of paragraph 42, and therefore deny. Sentence three seeks to characterize the NFIA's implementing regulations, which speak for themselves and are the best evidence of their contents.

43.     The allegations in paragraph 43 purport to characterize the NFIA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

44.     The allegations in paragraph 44 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

45.     The allegations in paragraph 45 purport to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

46.     The allegations in sentences one through three of paragraph 46 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. Sentence four purports to characterize the Services' Endangered Species Consultation Handbook (1998), which speaks for itself and is the best evidence of its contents.

47.     The allegations in paragraph 47 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

48.     The allegations in paragraph 48 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

49.     The allegations in paragraph 49 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

50.     The allegations in the paragraph 50 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

51.     The allegations in the paragraph 51 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

52.     The allegations in the paragraph 52 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

53.     The allegations in the paragraph 53 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

54.     The allegations in the paragraph 54 purport to characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

55.     The allegations in the paragraph 55 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

56.     The allegations in the paragraph 56 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

57.     The allegations in the paragraph 57 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

58.     The allegations in the paragraph 58 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

59.     The allegations in the paragraph 59 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

60.     The allegations in the paragraph 60 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

61.     The allegations in paragraph 61 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

62.     The allegations in paragraph 62 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

63.     The allegations in paragraph 63 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

64.     The allegations in paragraph 64 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

65.     The allegations in paragraph 65 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

66.     The allegations in paragraph 66 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

67.     Admit.

68.     The allegations in paragraph 68 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

69.     The allegations in paragraph 69 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

70.     The allegations in paragraph 70 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

71.     The allegations in paragraph 71 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

72.     Admit.

73.     The allegations in paragraph 73 purport to characterize FEMA's *Program Level Biological Assessment for the National Floodplain Insurance Program Oregon State* ("Programmatic Biological Assessment"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

74.     The allegations in paragraph 74 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its

plain language and meaning are denied. Conservation Groups admit to the allegations in the first sentence of the footnote to paragraph 74. The second, third, and fourth sentences in the footnote to paragraph 65 contain conclusions of law to which no response is required.

75.     The allegations in paragraph 75 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

76.     The allegations in paragraph 76 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Conservation Groups deny the last sentence in paragraph 76.

77.     The allegations in paragraph 77 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the last sentence of paragraph 77, and therefore deny.

78.     The allegations in paragraph 78 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

79.     The allegations in paragraph 79 purport to characterize the Disaster Recovery Reform Act, which speaks for itself and is the best evidence of its contents.

80.     The allegations in paragraph 80 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its

plain language and meaning are denied. The allegations in paragraph 80 are also conclusions of law, which require no response.

81.    The allegations in the first sentence of paragraph 81 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the first sentence of paragraph 81 are also conclusions of law, which require no response. The allegations in the second and third sentences of paragraph 81 purport to characterize the NFIP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the fourth sentence of paragraph 81, and therefore deny.

82.    The allegations in paragraph 82 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 82 are also conclusions of law, which require no response.

83.    The allegations in paragraph 83 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 83 are also conclusions of law, which require no response.

84.    The allegations in paragraph 84 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 84 are also conclusions of law, which require no response.

85.     The allegations in paragraph 85 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 85 are also conclusions of law, which require no response.

86.     The allegations in paragraph 86 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 86 are also conclusions of law, which require no response.

87.     The allegations in paragraph 87 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 87 are also conclusions of law, which require no response.

88.     The allegations in paragraph 88 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 88 are also conclusions of law, which require no response.

89.     The allegations in paragraph 89 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 89 are also conclusions of law, which require no response.

90.     The allegations in paragraph 90 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its

plain language and meaning are denied. The allegations in paragraph 90 are also conclusions of law, which require no response.

91.    The allegations in the first and second sentences of paragraph 91 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the third sentence of paragraph 91 purport to characterize letters from FEMA to NMFS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations in paragraph 91 are conclusions of law, which require no response.

92.    The allegations in paragraph 92 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 92 are also conclusions of law, which require no response.

93.    The allegations in the first sentence of paragraph 93 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the second sentence of paragraph 93 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents.

94.    The allegations in the first sentence of paragraph 94 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the second sentence of paragraph 94 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

The allegations in the third sentence of paragraph 94 are conclusions of law to which no response is required. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the fourth sentence of paragraph 94, and therefore deny. The allegations in the fourth sentence of paragraph 94 are also vague and conclusory and Conservation Groups deny them on those grounds. The allegations in the fifth sentence of paragraph 94 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

94. The allegations in paragraph 95 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 95 are also conclusions of law, which require no response.

96. Admit.

97. The allegations in paragraph 97 purport to characterize a Letter from Mark Carey, FEMA Region X Mitigation Division Director, to NFIP participating communities in the State of Oregon, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied.

98. The allegations in paragraph 98 purport to characterize a memorandum from Willie Nunn, Regional Administrator, FEMA Region 10, to David Maustad Senior NFIP Official, Resilience Division, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

99. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the first sentence of paragraph 99, and therefore deny. The remaining allegations in paragraph 99 purport to characterize FEMA's draft Oregon Implementation Plan,

DEFENDANT-INTERVENORS' ANSWER TO COMPLAINT                                    16

which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

100.    The allegations in paragraph 100 purport to characterize the Notice of Intent To Prepare an Environmental Impact Statement for Oregon, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

101.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 101, and therefore deny.

102.    The allegations in paragraph 102 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

103.    The allegations in paragraph 103 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

104.    The allegations in paragraph 104 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

105.    The allegations in sentence one of paragraph 105 are conclusions of law to which no response is required. Sentences two, three, and four of paragraph 105 purport to characterize the Declaration of John Graves, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in sentence five of paragraph 105 purport to characterize FEMA's Memorandum in Support of Motion for Summary Judgment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

106.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 106, and therefore deny. The allegations in paragraph 106 are also vague and conclusory and Conservation Groups deny them on those grounds.

107.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the first sentence of paragraph 107, and therefore deny. Sentence two of paragraph 107 purports to characterize the Declaration of John Graves, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in sentence three of paragraph 107, and therefore deny. The allegations in paragraph 107 are also vague and conclusory and Conservation Groups deny them on those grounds.

108.    The allegations in paragraph 108 purport to characterize Exhibit A, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The remaining allegations in paragraph 108 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The remaining allegations in paragraph 108 are also conclusions of law to which no response is required.

109.    The allegations in paragraph 109 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

110.    The allegations in paragraph 110 purport to characterize the Biological Assessment, which speaks for itself and is the best evidence of its content.

111.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 111, and therefore deny.

112.    The allegations in the first and second sentence of paragraph 112 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in the third and fourth sentence purport to characterize the ESA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in the fifth sentence of paragraph 112 are also conclusions of law, which require no response.

113.    The allegations in the first sentence of paragraph 113 are conclusions of law, which require no response. The rest of paragraph 113 purport to characterize Exhibit C, which speaks for itself and is the best evidence of its contents.

114.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 114, and therefore deny. The allegations in paragraph 114 are also vague and conclusory and Conservation Groups deny them on those grounds. The allegations in paragraph 114 are also conclusions of law, which require no response.

115.    The allegations in paragraph 115 are conclusions of law to which no response is required.

116.    The allegations in paragraph 116 are conclusions of law to which no response is required.

117.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 117, and therefore deny. The allegations in paragraph 117 are conclusions of law to which no response is required.

118.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 118, and therefore deny. The allegations in paragraph 118 are conclusions of law to which no response is required.

119.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 119, and therefore deny. The allegations in paragraph 119 are conclusions of law to which no response is required.

120.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 120, and therefore deny. The allegations in paragraph 120 are conclusions of law to which no response is required.

121.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 121, and therefore deny. The allegations in paragraph 121 are conclusions of law to which no response is required.

122.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 122, and therefore deny. The allegations in paragraph 122 are also conclusions of law to which no response is required.

123.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 123, and therefore deny. The allegations in paragraph 123 are also conclusions of law to which no response is required.

124.    Conservation Groups incorporate by reference all preceding paragraphs.

125.    The allegations in paragraph 125 purport to characterize the APA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied.

DEFENDANT-INTERVENORS' ANSWER TO COMPLAINT                    20

126.    The allegations in paragraph 126 are conclusions of law to which no response is required.

127.    The allegations in paragraph 127 are conclusions of law to which no response is required.

128.    The allegations in paragraph 128 are conclusions of law to which no response is required.

129.    The allegations in paragraph 129 are conclusions of law to which no response is required.

130.    Conservation Groups incorporate by reference all preceding paragraphs.

131.    The allegations in paragraph 131 are conclusions of law to which no response is required.

132.    The allegations in paragraph 132 are conclusions of law to which no response is required.

133.    The allegations in paragraph 133 are conclusions of law to which no response is required.

134.    Conservation Groups incorporate by reference all preceding paragraphs.

135.    The allegations in paragraph 135 are conclusions of law to which no response is required.

136.    The allegations in paragraph 136 are conclusions of law to which no response is required.

137.    Conservation Groups incorporate by reference all preceding paragraphs.

138.    Admit.

139.    The allegations in paragraph 139 are conclusions of law to which no response is required.

140.    The allegations in paragraph 140 are conclusions of law to which no response is required.

141.    The allegations in paragraph 141 are conclusions of law to which no response is required.

142.    The allegations in paragraph 142 are conclusions of law to which no response is required.

143.    Conservation Groups incorporate by reference all preceding paragraphs.

144.    The allegations in paragraph 144 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 144 are also conclusions of law to which no response is required.

145.    The allegations in paragraph 145 are conclusions of law to which no response is required.

146.    Conservation Groups incorporate by reference all preceding paragraphs.

147.    The allegations in paragraph 147 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 147 are also conclusions of law to which no response is required.

148.    The allegations in paragraph 148 are conclusions of law to which no response is required.

149.    Conservation Groups incorporate by reference all preceding paragraphs.

150.    The allegations in paragraph 150 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 150 are also conclusions of law to which no response is required.

151.    The allegations in paragraph 151 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 151 are also conclusions of law to which no response is required.

152.    The allegations in paragraph 152 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 152 are also conclusions of law to which no response is required.

153.    The allegations in paragraph 153 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 153 are also conclusions of law to which no response is required.

154.    The allegations in paragraph 154 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 154 are also conclusions of law to which no response is required.

155.    The allegations in paragraph 155 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its

plain language and meaning are denied. The allegations in paragraph 155 are also conclusions of law to which no response is required.

156.    The allegations in paragraph 156 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 156 are also conclusions of law to which no response is required.

157.    The allegations in paragraph 157 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 157 are also conclusions of law to which no response is required.

158.    The allegations in paragraph 158 are conclusions of law to which no response is required.

159.    Conservation Groups incorporate by reference all preceding paragraphs.

160.    The allegations in paragraph 160 purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

161.    The allegations in paragraph 161 are conclusions of law to which no response is required.

162.    The allegations in paragraph 162 purport to characterize the RPA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 162 are also conclusions of law to which no response is required.

163.    The allegations in paragraph 163 purport to characterize the RPA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 163 are also conclusions of law to which no response is required.

164.    The allegations in paragraph 164 purport to characterize the RPA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 164 are also conclusions of law to which no response is required.

165.    The allegations in paragraph 165 are conclusions of law to which no response is required.

166.    Conservation Groups incorporate by reference all preceding paragraphs.

167.    The allegations in paragraph 167 are conclusions of law to which no response is required.

168.    The allegations in paragraph 168 purport to characterize the PICMs, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied. The allegations in paragraph 168 are also conclusions of law to which no response is required.

169.    The allegations in paragraph 169 purport to characterize the PICMs, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied. The allegations in paragraph 169 are also conclusions of law to which no response is required.

170.    The allegations in paragraph 170 are conclusions of law to which no response is required.

171.    The allegations in paragraph 171 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

172.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 172, and therefore deny. The allegations in paragraph 172 are also conclusions of law to which no response is required.

173.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 173, and therefore deny. The allegations in paragraph 173 are also conclusions of law to which no response is required.

174.    The allegations in paragraph 174 are conclusions of law to which no response is required.

175.    The allegations in paragraph 175 are conclusions of law to which no response is required.

176.    Conservation Groups incorporate by reference all preceding paragraphs.

177.    The allegations in paragraph 177 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied.

178.    The allegations in paragraph 178 purport to characterize the U.S. Constitution, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied.

179.    The allegations in paragraph 179 are conclusions of law to which no response is required.

180.    The allegations in paragraph 180 are conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The remaining allegations contained in the Complaint consist of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Conservation Groups deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## GENERAL DENIAL

Conservation Groups deny any allegations of the Complaint, whether express or implied, that are not expressly admitted or qualified in this Answer.

## AFFIRMATIVE DEFENSES

1.    The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.    Venue in this court is improper.

3.    Plaintiffs have failed to state a claim upon which relief may be granted.

WHEREFORE, Conservation Groups respectfully request that the Court dismiss the Complaint with prejudice, enter judgment in favor of defendants, and grant such further relief as the Court deems just and proper.

Dated: March 4th, 2025                    Respectfully submitted,


                                        /s/ Chelsea Stewart-Fusek
                                        CHELSEA STEWART-FUSEK
                                        (D.C. Bar No. OR0029)
                                        CENTER FOR BIOLOGICAL DIVERSITY
                                        P.O. Box 11374
                                        Portland, OR 97211
                                        Phone: (971) 717-6425
                                        Email: cstewartfusek@biologicaldiversity.org


DEFENDANT-INTERVENORS' ANSWER TO COMPLAINT                    27

_/s/ Ryan Adair Shannon_
Ryan Adair Shannon (D.C. Bar No. OR 00007)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211
Phone: (503) 283-5475 ext. 407
Email: rshannon@biologicaldiversity.org

DEFENDANT-INTERVENORS' ANSWER TO COMPLAINT                    28