**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OREGONIANS FOR FLOODPLAIN
PROTECTION, et al.,

      Plaintiffs,

                 v.                         Case No. 1:25-cv-00039-JMC

U.S. DEPARTMENT OF COMMERCE,
et al.,

      Defendants.

**FEDERAL DEFENDANTS' ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF (ECF No. 21)**

Defendants U.S. Department of Commerce, Howard Lutnick[1], in his official capacity,

National Marine Fisheries Service, Emily Menashes, in her official capacity, U.S. Department of

Homeland Security, Kristi Noem, in her official capacity, Federal Emergency Management

Agency, and Cameron Hamilton, in his official capacity, by and through counsel, provide the

following Answer to Plaintiffs' Amended Complaint, ECF No. 21.

**I.      INTRODUCTION**

    1.     The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case,

to which no response is required. To the extent a response is required, the allegations are denied.

    2.     To the extent the allegations in Paragraph 2 characterize the 2016 Biological

Opinion, authored by the National Marine Fisheries Service (NMFS), on the implementation of

the National Flood Insurance Program (NFIP) in Oregon, that document speaks for itself and is

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Howard Lutnick is automatically substituted for
Jeremy Pelter as Secretary of Commerce.

the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. Any remaining allegations in Paragraph 2 are denied.

3.      Defendants admit that FEMA has begun taking actions in response to the Biological Opinion's Reasonable and Prudent Alternative (RPA) but deny the remaining allegations in the first sentence of Paragraph 3. The remaining allegations in Paragraph 3 characterize a FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

4.      The allegations in the first, second, and third, and fourth sentences of Paragraph 4 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied. To the extent the allegations in the fourth sentence of Paragraph 4 characterize a FEMA letter dated July 15, 2024, that letter speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the fifth sentence of Paragraph 4 are denied.

5.      The allegations in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and deny them on that basis.

7.      The allegations in Paragraph 7 are characterizations of Plaintiffs' case and claim for relief, to which no response is required. To the extent a response is required, the allegations are denied.

8.     The allegations in Paragraph 8 are characterizations of Plaintiffs' case and claim for relief, to which no response is required. To the extent a response is required, the allegations are denied.

9.     The allegations in Paragraph 9 are characterizations of Plaintiffs' case and claim for relief, to which no response is required. To the extent a response is required, the allegations are denied.

## II.    JURISDICTION AND VENUE

10.     The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.      The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## III.    PARTIES

13.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14.     Federal Defendants admit that the named communities are participating NFIP communities. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 14 and deny them on that basis. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 14 and deny them on that basis. The allegations in the third sentence of Paragraph 14 constitute characterizations of Plaintiffs' case and legal conclusions to which no response is required. To the extent a response is required, the

allegations are denied. The allegations in the fourth sentence of Paragraph 14 characterize a FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the fifth sentence of Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 14 and deny them on that basis.

15. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 16 and deny them on that basis. The allegations in the fourth sentence of Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17 and deny them on that basis. The allegations in the second sentence of Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22.     The allegations in the second sentence of Paragraph 22 characterize the 2016 Biological Opinion and RPAs, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and deny them on that basis.

23.     The allegations in the third sentence of Paragraph 23 characterize the 2016 Biological Opinion and RPAs, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and deny them on that basis.

24.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.     Federal Defendants admit that Defendant U.S. Department of Commerce is a department within the U.S. government. The remaining allegations in Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27.     Federal Defendants deny that Jeremy Pelter is the Acting Secretary of the U.S. Department of Commerce and aver that Howard Lutnick is the Secretary of the U.S. Department of Commerce. The remaining allegations in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

28.     Federal Defendants admit that the National Marine Fisheries Service is an office of the National Oceanic and Atmospheric Administration within the U.S. Department of Commerce. The remaining allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29.     Federal Defendants admit that Emily Menashes is the Acting Assistant Administrator of NMFS. The remaining allegations in Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30.     Federal Defendants admit that the U.S. Department of Homeland Security is a department within the U.S. government. The remaining allegations in Paragraph 30 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31.     Federal Defendants admit that Kristi Noem is the Secretary of the U.S. Department of Homeland Security. The remaining allegations in Paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

32.     Federal Defendants admit that FEMA is an agency of the U.S. Department of Homeland Security. The remaining allegations in Paragraph 32 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33.     Federal Defendants admit that Cameron Hamilton is the senior official performing

the duties of FEMA Administrator. The remaining allegations in Paragraph 33 constitute legal

conclusions to which no response is required. To the extent a response is required, the allegations

are denied.

## IV.    LEGAL BACKGROUND

### A.    The National Flood Insurance Act of 1968

34.     The allegations in Paragraph 34 purport to characterize the National Flood

Insurance Act of 1968 (NFIA), which speaks for itself and is the best evidence of its contents.

Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

35.     The allegations in Paragraph 35 constitute legal conclusions to which no response

is required. To the extent a response is required, the allegations are denied.

36.     The allegations in Paragraph 36 purport to characterize the Flood Disaster

Protection Act of 1973 and the Flood Insurance Reform Act of 1994, as amended, which speak

for themselves and are the best evidence of their contents. Any allegation that is inconsistent

with their plain language, meaning, and/or context is denied.

37.     The allegations in the first sentence of Paragraph 37 purport to characterize 42

U.S.C. § 4102(c)(4), which speaks for itself and is the best evidence of its contents. Any

allegation that is inconsistent with its plain language, meaning, and/or context is denied. The

allegations in the second sentence of Paragraph 37 constitute legal conclusions to which no

response is required. To the extent a response is required, the allegations are denied.

38.     The allegations in Paragraph 38 purport to characterize FEMA's floodplain

management criteria, which speak for themselves and are the best evidence of their contents.

Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

39.     The allegations in Paragraph 39 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40.     The allegations in Paragraph 40 purport to characterize a brief filed in *Northwest Environmental Defense Center v. FEMA*, No. 3:23-cv-01335-SI (D. Or. Sept. 19, 2024), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

41.     The allegations in the first sentence of Paragraph 41 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 41.

42.     The allegations in Paragraph 42 purport to characterize 44 C.F.R. § 59.24, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

43.     Federal Defendants admit the allegations in Paragraph 43.

44.     Federal Defendants admit the allegations in Paragraph 44.

**B.     The Endangered Species Act**

45.     The allegations in Paragraph 45 purport to characterize 16 U.S.C. § 1531(b), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

46.     The allegations in the first and second sentences of Paragraph 46 purport to characterize 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the third sentence of Paragraph 46 and footnote 2 purport to characterize 50 C.F.R. pt. 402 (2016), which speaks for itself and is the best evidence of its

contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the fourth sentence of Paragraph 46 purport to characterize guidance documents, including the Endangered Species Consultation Handbook, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

47.    The allegations in Paragraph 47 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

48.    The allegations in the first sentence of Paragraph 48 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second and third sentences of Paragraph 48 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of their contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the fourth sentence of Paragraph 48 purport to characterize 16 U.S.C. § 1536(a)(2) and 50 C.F.R. § 402.14(g)(8), which speak for themselves and are the best evidence of its contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

49.    The allegations in the first sentence of Paragraph 49 purport to characterize 50 C.F.R. § 402.14(g)(3), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the second, third, and fourth sentences of Paragraph 49 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

50.     The allegations in Paragraph 50 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

51.     The allegations in Paragraph 51 purport to characterize 50 C.F.R. § 402.14(h)(1), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

52.     The allegations in Paragraph 52 purport to characterize 16 U.S.C. § 1536(b)(3)(A), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

53.     The allegations in the first sentence of Paragraph 53 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the second sentence of Paragraph 53 purport to characterize 16 U.S.C. § 1536(a)(2) and 50 C.F.R. § 402.14(g)(8), which speak for themselves and are the best evidence of its contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

**C.     The National Environmental Policy Act**

54.     The allegations in the first sentence of Paragraph 54 are admitted. The remaining allegations in Paragraph 54 purport to characterize 42 U.S.C. § 4332, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

55.     The allegations in Paragraph 55 and footnote 3 purport to characterize the CEQ Regulations and a decision in *Marin Audubon Society v. Federal Aviation Administration,* No. 23-1067, 2024 WL 4745044 (D.C. Cir. Nov. 12, 2024), which speak for themselves and are the

best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

56.    The allegations in Paragraph 56 purport to characterize 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

57.    The allegations in Paragraph 57 purport to characterize 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

58.    The allegations in Paragraph 58 purport to characterize 42 U.S.C. § 4336(b)(2), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

59.    The allegations in Paragraph 59 purport to characterize 42 U.S.C. § 4332(2)(H), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

60.    The allegations in Paragraph 60 purport to characterize the decision in *Baltimore Gas & Electric Co. v. Natural Resources Defense Council, Inc.,* 462 U.S. 87 (1983), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

### D.    The Administrative Procedure Act

61.    Federal Defendants admit that Congress enacted the APA in 1946. The remaining allegations in Paragraph 61 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

62.     The allegations in Paragraph 62 purport to characterize 5 U.S.C. § 553, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

63.     The allegations in Paragraph 63 purport to characterize 5 U.S.C. § 551(4), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

64.     The allegations in Paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

65.     The allegations in the first sentence of Paragraph 65 purport to characterize 5 U.S.C. § 702, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the second sentence of Paragraph 65 purport to characterize the decision in *U.S. Army Corps of Engineers v. Hawkes Co., Inc.*, 578 U.S. 590 (2016), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the third sentence of Paragraph 65 purport to characterize 5 U.S.C. § 706, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

66.     The allegations in Paragraph 66 purport to characterize the decision in *Bennett v. Spear,* 520 U.S. 154 (1997), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

67.     The allegations in Paragraph 67 purport to characterize 5 U.S.C. §§ 702, 706, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

### E.    The U.S. Constitution

68.    The allegations in Paragraph 68 purport to characterize Article I, § 8, cl.1 of the

U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any allegation

that is inconsistent with its plain language, meaning, and/or context is denied.

69.    The allegations in Paragraph 69 purport to characterize the decision in *South

Dakota v. Dole*, 483 U.S. 203 (1987), which speaks for itself and is the best evidence of its

contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is

denied.

70.    The allegations in Paragraph 70 purport to characterize the Tenth Amendment of

the U.S. Constitution, which speaks for itself and is the best evidence of its contents. Any

allegation that is inconsistent with its plain language, meaning, and/or context is denied.

71.    The allegations in Paragraph 71 purport to characterize the Tenth Amendment of

the U.S. Constitution and the decision in *Printz v. United States,* 521 U.S. 898 (1997), which

speak for themselves and are the best evidence of their contents. Any allegation that is

inconsistent with their plain language, meaning, and/or context is denied.

### V.    Allegations

72.    The allegations in Paragraph 72 purport to characterize the complaint and

settlement in *Audubon Society of Portland v. FEMA*, No. 3:09-cv-729-HA (D. Or. dismissed July

12, 2010), which speak for themselves and are the best evidence of their contents. Any allegation

that is inconsistent with their plain language, meaning, and/or context is denied.

73.    The allegations in Paragraph 73 purport to characterize the a FEMA letter dated

July 18, 2011, and a Biological Assessment, which speak for themselves and are the best

evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

74. The allegations in the first and second sentences of Paragraph 74 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the first and second sentences of footnote 4 purport to characterize the complaint and order of dismissal in *Oregonians for Floodplain Protection v. U.S. Department of Commerce*, 334 F. Supp. 3d 66 (D.D.C. 2018), which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the third sentence of footnote 4 characterize the FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the fourth sentence of footnote 4 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. The allegations in the first and second sentences of Paragraph 75 purport to characterize the Biological Opinion and RPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the third sentence of Paragraph 75 purport to characterize the FEMA letter dated June 13, 2016, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

76. The allegations in the first, second, and third sentences of Paragraph 76 purport to characterize the Biological Opinion and RPA, which speak for themselves and are the best

evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the fourth sentence of Paragraph 76 purport to characterize the FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

77.    The allegations in the first, second, third, and fourth sentences of Paragraph 77 purport to characterize the Biological Opinion and RPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the fifth sentence of Paragraph 77 are admitted.

78.    The allegations in Paragraph 78 purport to characterize the Biological Opinion and RPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

79.    The allegations in Paragraph 79 purport to characterize the Disaster Recovery Reform Act, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

80.    The allegations in Paragraph 80 are denied.

81.    The allegations in the first sentence of Paragraph 81 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the second and third sentences of Paragraph 81 characterize the National Flood Insurance Act, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning and/or context is denied. To the extent a

response is required, the allegations are denied. To the extent the allegations in the fourth sentence of Paragraph 81 are referring to documents included in the administrative record in *Northwest Environmental Defense Center v. FEMA*, Case No. 3:23-cv-01335-SI and/or in the instant case, such documents speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning and/or context is denied. Any remaining allegations in Paragraph 81 are denied.

82.     The allegations in Paragraph 82 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

83.     The allegations in Paragraph 83 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

84.      The allegations in Paragraph 84 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

85.     The allegations in Paragraph 85 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

86.     The allegations in Paragraph 86 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

87. The allegations in Paragraph 87 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

88. The allegations in Paragraph 88 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

89. The allegations in Paragraph 89 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

90. The allegations in Paragraph 90 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

91. The allegations in the first and second sentences of Paragraph 91 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 91 purport to characterize various FEMA letters, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the fourth sentence of Paragraph 91 characterize the Biological Opinion and RPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

92. The allegations in the first and third sentences of Paragraph 92 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second and fourth sentences of Paragraph 92 characterize the

RPA, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

93.    The allegations in Paragraph 93 purport to characterize the Biological Opinion and RPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

94.    The allegations in the first, second, and fifth sentences of Paragraph 94 purport to characterize the Biological Opinion and RPA, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the third sentence of Paragraph 94 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Due to vagueness and ambiguity, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 94 and deny them on that basis.

95.    The allegations in Paragraph 95 are denied.

96.    The allegations in Paragraph 96 are admitted.

97.    The allegations in Paragraph 97 purport to characterize the RPA and FEMA letter dated June 13, 2016, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

98.    The allegations in Paragraph 98 purport to characterize the November 27, 2023, FEMA memorandum, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

99.     The allegations in Paragraph 99 purport to characterize the Draft Implementation Plan, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

100.     The allegations in the first, second, third, and fourth sentences of Paragraph 100 purport to characterize the Notice of Intent to Prepare an Environmental Impact Statement for Oregon, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. To the extent the fifth sentence of Paragraph 100 purports to characterize the Draft Implementation Plan, that document speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. Federal Defendants deny the remaining allegations of Paragraph 100. Federal Defendants aver that FEMA's 2017 Programmatic EIS analyzed reasonably similar alternatives as the PICM.

101.     Federal Defendants admit that FEMA announced implementation of Pre-Implementation Compliance Measures beginning in July 2024. Federal Defendants deny any remaining allegations of Paragraph 101. Federal Defendants aver that FEMA's 2017 Programmatic EIS analyzed reasonably similar alternatives as the PICM.

102.     The allegations in Paragraph 102 purport to characterize a FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. Federal Defendants deny any remaining allegations of Paragraph 102.

103.     The allegations in Paragraph 103 purport to characterize a FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

104.    The allegations in Paragraph 104 purport to characterize a FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

105.    The allegations in the first, second, and third sentence of Paragraph 105 purport to characterize a FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the fourth sentence of Paragraph 105 purport to characterize 44 C.F.R. § 59.24(b)-(c) and the Declaration of John Graves filed in *Northwest Environmental Defense Center v. FEMA*, No. 3:23-cv-01335-SI (D. Or. June 13, 2024), ECF No. 14-1 (AR 0018670), which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the fifth sentence of Paragraph 105 purport to characterize a legal brief filed in *Northwest Environmental Defense Center v. FEMA*, No. 3:23-cv-01335-SI, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the first sentence of footnote 5 purport to characterize the complaint filed in *Northwest Environmental Defense Center v. FEMA*, No. 3:23-cv-01335-SI, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied. The allegations in the second sentence of footnote 5 purport to characterize the Declaration of John Graves filed in *Northwest Environmental Defense Center v. FEMA*, No. 3:23-cv-01335-SI (D. Or. June 13, 2024), ECF No. 14-1 (AR 0018670), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

106.    The allegations in Paragraph 106 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

107.    The allegations in the first and second sentences of Paragraph 107 purport to characterize the Declaration of John Graves filed in *Northwest Environmental Defense Center v. FEMA*, No. 3:23-cv-01335-SI (D. Or. June 13, 2024), ECF No. 14-1 (AR 0018670), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the third sentence of Paragraph 107 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

108.    The first and second sentences of Paragraph 108 purport to characterize a FEMA letter dated July 15, 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the third sentence of Paragraph 108 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

109.    The allegations in Paragraph 109 purport to characterize the NFIP's minimum floodplain development criteria, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

110.    The allegations in Paragraph 110 purport to characterize the FEMA Biological Assessment, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

111.    The allegations in Paragraph 111 are denied.

112.    The allegations in the first and second sentences of Paragraph 112 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in the third, fourth, and fifth sentences of Paragraph 112 constitute legal conclusions to which no response is required.

113.    The allegations in Paragraph 113 purport to characterize a FEMA document dated September 2024, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

114.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and deny them on that basis.

115.    The allegations in Paragraph 115 are denied.

116.    The allegations in Paragraph 116 are denied.

117.    The allegations in Paragraph 117 are denied as to alleged failure to comply with APA rulemaking procedures. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 and deny them on that basis.

118.     The allegations in Paragraph 118 are denied as to alleged violations of NEPA. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 and deny them on that basis.

119.    The allegations in Paragraph 119 are denied as to alleged violations of NEPA. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 and deny them on that basis.

120.    The allegations in Paragraph 120 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

121.    The allegations in Paragraph 121 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

122.    The allegations in Paragraph 122 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

123.    The allegations in Paragraph 123 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## VI.    CAUSES OF ACTION

### COUNT 1

124.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 123 above.

125.    The allegations in Paragraph 125 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

126.    The allegations in Paragraph 126 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

127.    The allegations in Paragraph 127 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

128.    The allegations in Paragraph 128 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

129.    The allegations in Paragraph 129 are denied.

### COUNT 2

130.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 129 above.

131.    The allegations in Paragraph 131 purport to characterize *City of Arlington v. FCC*, 569 U.S. 290 (2013), which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

132.    The allegations in Paragraph 132 purport to characterize the National Flood Insurance Act, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied.

133.    The allegations in Paragraph 133 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT 3**

134.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 133 above.

135.    The allegations in Paragraph 135 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

136.    The allegations in Paragraph 136 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT 4**

137.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 136 above.

138.    The allegations in Paragraph 138 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

139.    The allegations in Paragraph 139 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

140.    The allegations in Paragraph 140 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

141.    The allegations in Paragraph 141 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

142.    The allegations in Paragraph 142 are denied.

## COUNT 5

143.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 142 above.

144.    The allegations in the first sentence of Paragraph 144 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 144 are denied.

145.    The allegations in Paragraph 145 are denied.

## COUNT 6

146.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 145 above.

147.    The allegations in Paragraph 147 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

148.    The allegations in Paragraph 148 are denied.

## COUNT 7

149.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 148 above.

150.    The allegations in Paragraph 150 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

151.    The allegations in Paragraph 151 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

152.    The allegations in Paragraph 152 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

153.    The allegations in Paragraph 153 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

154.    The allegations in Paragraph 154 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

155.    The allegations in Paragraph 155 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

156.    The allegations in Paragraph 156 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

157.    The allegations in Paragraph 157 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

158.    The allegations in Paragraph 158 are denied.

## COUNT 8

159.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 158 above.

160.    The allegations in the first sentence of Paragraph 160 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Any allegation that is inconsistent with its plain language, meaning, and/or context is denied. The allegations in

the second sentence of Paragraph 160 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

161.    The allegations in Paragraph 161 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

162.    The allegations in Paragraph 162 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

163.    The allegations in Paragraph 163 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

164.    The allegations in Paragraph 164 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

165.    The allegations in Paragraph 165 are denied.

### COUNT 9

166.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 165 above.

167.    The allegations in Paragraph 167 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

168.    The allegations in Paragraph 168 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

169.    The allegations in Paragraph 169 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

170.    The allegations in Paragraph 170 purport to characterize *Pennhurst State School & Hospital v. Halderman,* 451 U.S. 1, 17 (1981) and *National Federation of Independent Business,* 567 U.S. 519 (2022), which speak for themselves and are the best evidence of their

contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

171.    The allegations in the first sentence of Paragraph 171 purport to characterize 42 U.S.C. § 4022 and 44 C.F.R. § 59.22, which speak for themselves and are the best evidence of their contents. Any allegation that is inconsistent with their plain language, meaning, and/or context is denied.

172.    The allegations in Paragraph 172 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

173.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173 and deny them on that basis.

174.    The allegations in Paragraph 174 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

175.    The allegations in Paragraph 175 are denied.

## COUNT 10

176.    Federal Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 175 above.

177.    The allegations in Paragraph 177 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

178.    The allegations in Paragraph 178 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

179.    The allegations in Paragraph 179 are denied.

180.    The allegations in Paragraph 180 are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief consists of Plaintiffs' Prayer for Relief, to which no answer is necessary. To the extent an answer is necessary, Federal Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIALS

Federal Defendants deny any allegations in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief, whether express or implied, that are not specifically admitted, denied, or qualified. To the extent that any allegation in Plaintiffs' Amended Complaint remains unanswered, Federal Defendants deny such allegations.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to them, Federal Defendants affirmatively assert:

1.      Plaintiffs lack standing.

2.      Federal Defendants reserve the right to assert any additional affirmative claims or defenses as may be or as may become available during the course of litigation.

Wherefore, Federal Defendants pray that this Court enter judgment in their favor and against Plaintiffs, dismiss the Amended Complaint against Federal Defendants, deny all of Plaintiffs' claims for relief and costs, and grant such other relief as the Court may deem just and proper.

Dated:  March 11, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Mark Arthur Brown*
MARK ARTHUR BROWN, Senior Trial Attorney
D.C. Bar No. 470050
Wildlife and Marine Resources Section
4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
Phone: (202) 305-0204
mark.brown@usdoj.gov

*/s/ Krystal-Rose Perez*
KRYSTAL-ROSE PEREZ, Trial Attorney
TX Bar No. 24105931
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 305-0486
krystal-rose.perez@usdoj.gov

*/s/ Lawrence K. Pittman*
LAWRENCE K. PITTMAN, Trial Attorney
GA Bar. No. 568134
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202)-305-0420
Fax: (202) 305-0275
Lawrence.pittman@usdoj.gov

Counsel for Federal Defendants